**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| **FUTUREVISION.COM, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:12-CV-386** |
| **TIME WARNER CABLE, INC.,** | § | |
| **TIME WARNER CABLE, LLC,** | § | |
| **CEQUEL COMMUNICATIONS, LLC DBA** | § | |
| **SUDDENLINK COMMUNICATIONS,** | § | **JURY TRIAL DEMANDED** |
| **COMCAST OF HOUSTON, LLC,** | § | |
| **COMCAST CABLE COMMUNICATIONS,** | § | |
| **LLC, AND CHARTER** | § | |
| **COMMUNICATIONS, LLC** | § | |
| | § | |
| *Defendants*. | § | |

<u>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**</u>

FutureVision.com, LLC, ("Plaintiff" or "FutureVision"), by and through its attorneys, for its Complaint against Time Warner Cable, Inc. and Time Warner Cable, LLC (collectively, "Time Warner Cable"), Cequel Communications, LLC dba Suddenlink Communications ("Suddenlink"), Comcast of Houston, LLC and Comcast Cable Communications, LLC (collectively, "Comcast"), and Charter Communications, LLC ("Charter") (collectively the "Defendants"), and demanding trial by jury, hereby alleges as follows:

**I.  NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendants' unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No.

5,877,755, issued on March 2, 1999, for "Interactive Broadband Multimedia System" naming Paul Hellhake of Dowington, PA as inventor (the "'755 Patent"), a true and correct copy of which is attached hereto as **Exhibit 1**.

## II.  PARTIES

2.      FutureVision is a limited liability company organized and existing under the laws of the State of Pennsylvania and headquartered at 400 E. King Street, Malvern, Pennsylvania 19355.

3.      On information and belief Time Warner Cable, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 60 Columbus Circle, New York, New York  10023.  Time Warner does business in this district and may be served with process by serving CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

4.      On information and belief Time Warner Cable is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 60 Columbus Circle, New York, New York  10023.  Time Warner does business in this district and may be served with process by serving CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

5.      On information and belief Suddenlink is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 12444 Powerscourt Drive, Suite 450, St. Louis, Missouri.  Suddenlink does business in this district and may be served with process by serving CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6.     On information and belief Comcast of Houston is a limited liability company organized and existing under the laws of Texas, with a principal place of business at 8590 West Tidwell, Houston, Texas  77040.  Comcast of Houston does business in this district and may be served with process by serving CT Corporation Systems, 350 N. St. Paul St. Ste 2900, Dallas, Texas 75201-4234.

7.     On information and belief Comcast Cable Communications, LLC is a limited liability company organized and existing under the laws of Pennsylvania, with a principal place of business at One Comcast Center, Philadelphia, Pennsylvania.  Comcast does business in this district and may be served with the process by serving Donald J. Puglisi, Puglisi & Associates, 850 Liberty Ave., Suite 204, Newark, Delaware 19711.

8.     On information and belief Charter is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 12405 Powerscourt Drive, Suite 100, St. Louis, Missouri.  Charter does business in this district and may be served with the process by serving Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.   JURISDICTION AND VENUE

9.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285.

10.     This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

11.     This Court has personal jurisdiction over Defendants.  Defendants have conducted and do conduct business within the State of Texas.  Defendants have and/or do now, directly and through intermediaries ship, distribute, offer for sale, sell, advertise, operate and use their respective cable system products and services in the United States, the State of Texas, and the Eastern District of Texas.  These infringing cable system products and services have been and/or continue to be used and purchased by consumers in the Eastern District of Texas.  As a result, defendants have committed or induced the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

12.     On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

13.     The Defendants have been joined in one action because Plaintiff's right to relief is asserted against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process and questions of fact common to all Defendants will arise in the action.  All of the Defendants employ commonly sourced hardware from Motorola and Cisco/Scientific Atlanta, which consequently share substantial overlap in terms of development, manufacture and operation.  Furthermore, the infringement has occurred during approximately the same time period.

## IV.  FACTUAL BACKGROUND

14.    FutureVision has been at the forefront of the development of interactive television.  The company was formed as FutureVision of America Corp. (later reorganized as FutureVision.com) in April 1992 to develop opportunities arising from the deployment of "Video Dial Tone" ("VDT") service in the Bell Atlantic Corporation ("Bell Atlantic") operating region. The Company has been engaged in the organizational and developmental activities necessary to become a "Video Information Provider" ("VIP") on the network deployed by Bell Atlantic in Dover Township, New Jersey.  As the primary VIP on this network, FutureVision developed technology to provide entertainment programming and interactive services to an area containing 38,000 homes.

15.     Using the technology developed by FutureVision, VIPs are able to communicate with consumers in a variety of different ways, including traditional advertising, interactive promotions, and interactive services.0

## V.  COUNT ONE
## INFRINGEMENT BY TIME WARNER CABLE

16.    FutureVision incorporates by reference its allegations in Paragraphs 1-15 as if fully restated in this paragraph.

17.    FutureVision is the assignee and owner of all right, title and interest to the '755 Patent.  FutureVision has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

18.    The '755 Patent is valid and enforceable.

19.     On information and belief, Time Warner has been and is now infringing, directly and indirectly by way of inducing infringement, literally and/or under the doctrine of equivalents, the '755 Patent by offering for sale, selling, operating, advertising and marketing cable systems that operate to provide interactive services.

20.     On information and belief, these products include, but are not limited to, Motorola and Cisco/Scientific Atlanta set top boxes, I-Guide software, Motorola NC-1500 Network Controller, out-of-band modulators, return path demodulators, and their related components, that fall within the scope of at least one claim of the '755 Patent.

21.     Time Warner has knowledge of the '755 Patent at least by way of its own patent prosecution activities and this complaint, and knowledge that the induced acts constitute patent infringement.   To the extent it does not immediately cease its infringing activities, its infringement is and continues to be willful and deliberate.   Time Warner encourages and instructs its customers to infringe with knowledge that the induced acts constitute patent infringement.   Time Warner possesses specific intent to encourage infringement by its customers.

22.     As a result of Time Warner Cable's acts of infringement, plaintiff has suffered and will continue to suffer damages. FutureVision requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

## VI.   COUNT TWO
## INFRINGEMENT BY SUDDENLINK

23.     FutureVision incorporates by reference its allegations in Paragraphs 1-15 as if fully restated in this paragraph.

24.     FutureVision is the assignee and owner of all right, title and interest to the '755 Patent.  FutureVision has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

25.     The '755 Patent is valid and enforceable.

26.     On information and belief, SuddenLink has been and is now infringing, directly and indirectly by way of inducing infringement, literally and/or under the doctrine of equivalents, the '755 Patent by offering for sale, selling, operating, advertising and marketing cable systems that operate to provide interactive services.

27.     On information and belief, these products include, but are not limited to, Motorola and Cisco/Scientific Atlanta set top boxes, I-Guide software, Motorola NC-1500 Network Controller, out-of-band modulators, return path demodulators, and their related components, that fall within the scope of at least one claim of the '755 Patent.

28.     SuddenLink has knowledge of the '755 Patent at least by way of this complaint. Suddenlink encourages and instructs its customers to infringe with knowledge that the induced acts constitute patent infringement.    Suddenlink possesses specific intent to encourage infringement by its customers.

29.     As a result of SuddenLink's acts of infringement, plaintiff has suffered and will continue to suffer damages.  FutureVision requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

## VII.   COUNT THREE
## INFRINGEMENT BY COMCAST

30.     FutureVision incorporates by reference its allegations in Paragraphs 1-15 as if fully restated in this paragraph.

31.     FutureVision is the assignee and owner of all right, title and interest to the '755 Patent.  FutureVision has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

32.     The '755 Patent is valid and enforceable.

33.     On information and belief, Comcast has been and is now infringing, directly and indirectly by way of inducing infringement, literally and/or under the doctrine of equivalents, the '755 Patent by offering for sale, selling, operating, advertising and marketing cable systems that operate to provide interactive services.

34.     On information and belief, these products include, but are not limited to, Motorola and Cisco/Scientific Atlanta set top boxes, XFINITY On-Screen Guide 2.0 software, I-Guide software, Motorola NC-1500 Network Controller, out-of-band modulators, return path demodulators and their related components, that fall within the scope of at least one claim of the '755 Patent.

35.     Comcast has knowledge of the '755 Patent at least by way of this complaint. Comcast encourages and instructs its customers to infringe with knowledge that the induced acts constitute patent infringement.  Comcast possesses specific intent to encourage infringement by its customers.

36.     As a result of Comcast's acts of infringement, plaintiff has suffered and will continue to suffer damages. FutureVision requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

## VIII.   COUNT FOUR
## INFRINGEMENT BY CHARTER

37.     FutureVision incorporates by reference its allegations in Paragraphs 1-15 as if fully restated in this paragraph.

38.     FutureVision is the assignee and owner of all right, title and interest to the '755 Patent.  FutureVision has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

39.     The '755 Patent is valid and enforceable.

40.     On information and belief, Charter has been and is now infringing, directly and indirectly by way of inducing infringement, literally and/or under the doctrine of equivalents, the '755 Patent by offering for sale, selling, operating, advertising and marketing cable systems that operate to provide interactive services.

41.     On information and belief, these products include, but are not limited to, Motorola and Cisco/Scientific Atlanta set top boxes, I-Guide software, Motorola NC-1500 Network Controller, out-of-band modulators, return path demodulators, and their related components, that fall within the scope of at least one claim of the '755 Patent.

42.     Charter has knowledge of the '755 Patent at least by way of this complaint. Charter encourages and instructs its customers to infringe with knowledge that the induced acts

constitute patent infringement. Charter possesses specific intent to encourage infringement by its customers.

43.     As a result of Charter's acts of infringement, plaintiff has suffered and will continue to suffer damages. FutureVision requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

## IX.   WILLFULNESS

44.     At least Time Warner has had knowledge of the '755 Patent prior to this lawsuit and continued its infringement. Time Warner acquired knowledge of certain of the Patents at least through their own patent prosecution activities. Accordingly, Time Warner is knowingly or with reckless disregard willfully infringing those Patents of which they were made aware prior to this lawsuit being filed. At least Time Warner acted despite an objectively high likelihood that their actions constituted infringement of Plaintiff's valid patent rights. This objectively-defined risk was either known or so obvious that it should have been known to Time Warner.

45.     Because the infringement by at least Time Warner is willful, Plaintiff is entitled to the recovery of treble damages pursuant to 35 U.S.C. § 284.

## X.   JURY DEMAND

46.     Plaintiff FutureVision demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## XI.   PRAYER FOR RELIEF

WHEREFORE, FutureVision prays for judgment and seeks relief against Defendants as follows:

A.      That the Court declare that the '755 Patent is infringed by all Defendants, literally and/or under the doctrine of equivalents;

B.      That the infringement by Time Warner has been willful, and an award of enhanced damages;

C.      That the case against Time Warner is exceptional, and an award of FutureVision's attorneys' fees and costs;

D.      That the Court award damages adequate to compensate FutureVision for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement; and

E.      That the Court awards such other relief as this Court deems just and proper.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Facsimile:  (512) 539-2627

*Counsel for FutureVision.com, LLC*